**HALPERIN BATTAGLIA BENZIJA, LLP**
Christopher J. Battaglia
Matthew T. Murray
40 Wall Street
37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: cbattaglia@halperinlaw.net
           mmurray@halperinlaw.net

*Co-Counsel to the Foreign Representatives*

**SEQUOR LAW, P.A.**
Leyza Blanco (*pro hac vice* pending)
Daniel Halperin (*pro hac vice* pending)
1111 Brickell Avenue
Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Email: lblanco@sequorlaw.com
           dhalperin@sequorlaw.com

*Co-Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| ISAK HENRY GABAY, | Case No.: 23-11871 |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517
OF THE BANKRUPTCY CODE**

Kevin John Hellard, Nicholas William Nicholson, and Prashan Patel (collectively, the "Foreign Representatives" or "Joint Trustees"), as court-appointed joint trustees of the estate of

Debtor, Isak Henry Gabay (the "Debtor") in the foreign insolvency proceeding (the "UK Proceeding") under the Insolvency Act of 1986 (the "Insolvency Act") pending before the High Court of Justice No. 95 of 2022, the Business and Property Courts of England and Wales (the "UK Court"), pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the Bankruptcy Code"), move (the "Recognition Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**. (i) granting the Recognition Motion; (ii) recognizing the UK Proceeding as a foreign main proceeding; (iii) recognizing the Joint Trustees as the Foreign Representatives, jointly and individually in connection with the UK Proceeding; (iii) granting related relief upon a recognition of the UK Proceeding as a foreign main proceeding. In support of the Recognition Motion, the Foreign Representatives state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, Reference M¬431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

2. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) & (P). This is a core proceeding pursuant to 28 U.S.C §157(b)(2)(P). The Debtor's center of main interest is in the United Kingdom, as the Debtor's habitual residence is a property located at Flat A, 41 Lowndes Street, London, SW1X 9HX.

3. Venue for this case is proper in this Court under section 1410 of title 28 of the United States Code and by agreement between the Foreign Representatives and the Debtor.

## GENERAL BACKGROUND

4.     The Foreign Representatives have commenced these chapter 15 cases as ancillary proceedings to the UK Proceeding and respectfully file the Recognition, together with the Official Form 401 Petition [ECF No. 1] (the "Petition"), the Declaration of Nicholas Nicholson in Support of Chapter 15 Petition for Recognition of a Foreign Main Proceeding (attached hereto, the "Declaration"),[1] and the Emergency Motion for Order Granting Provisional Relief Pending Hearing on Recognition Pursuant to Section 1519 of the Bankruptcy Code (the "Provisional Relief Motion").

5.     The Foreign Representatives reincorporate by reference the Declaration, as if fully set forth herein. The Petition, this Recognition Motion, and the Declaration demonstrate that the UK Proceeding should be recognized as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code.

## RELIEF REQUESTED

6.     By this Motion, the Foreign Representatives seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) finding that the Debtor satisfies the eligibility requirements for a debtor, to the extent necessary, under section 109(a) of the Bankruptcy Code; (ii) granting recognition of the UK Proceeding as a "foreign main proceeding" under sections 101(23) and 1502(4) of the Bankruptcy Code; (iii) finding that the Foreign Representatives are the duly appointed "foreign representatives" as defined in section 101(24) of the Bankruptcy Code in respect of the UK Proceedings and that the Foreign Representative is authorized to act on behalf of the Debtor for purposes of the chapter 15 case; (iv) granting the Debtor all of the relief afforded pursuant to section 1520 of the Bankruptcy Code, including but not limited to the "automatic stay"

---

[1] Unless stated otherwise herein, capitalized terms that remain undefined shall have the same meaning ascribed to them in the Declaration.

under section 362 of the Bankruptcy Code, which shall apply with respect to the Debtor and the Debtor's property that is now or in the future located within the territorial jurisdiction of the United States; (v) granting further additional relief as authorized by section 1521 of the Bankruptcy Code (or section 1507 as the Court deems necessary), including extending on a final basis the provisional relief requested in the Provisional Relief Motion (as defined herein); and (vi) providing such other and further relief as the Court deems just and proper.

## BASIS FOR RECOGNITION

### A.  The Debtor Satisfies the Eligibility Requirements under the Bankruptcy Code.

7.  The Foreign Representatives submit that the Debtor meets the eligibility requirements under section 109(a) of the Bankruptcy Code. Section 109(a) states, in relevant, part, that "only a person that resides or has a domicile, a place of business, or property in the United States [] may be a debtor under this title." 11 U.S.C. § 109(a). Under section 109(a), a foreign debtor must reside or have a domicile, a place of business, or property in the United States to be eligible to file a chapter 15 petition. *See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238 (2d Cir. 2013). Courts interpreting the property requirement in section 109 "with respect to foreign corporations and individuals have found the eligibility requirement satisfied by even a minimal amount of property located in the United States." *In re Aerovias Nacionales de Colombia S.A.*, 303 B.R. 1, 8–9 (Bankr. S.D.N.Y. 2003) (citing cases); *In re B.C.I. Fins. Pty Ltd.*, No. 17-11266 (SHL), 2018 WL 1973723, at *4 (Bankr. S.D.N.Y. Apr. 24, 2018); *In re Berau Capital Res. PTE Ltd.*, 540 B.R. 80, 83-84 (Bankr. S.D.N.Y. 2015) (discussing the legal situs of contracts and holding a New York law governed indenture was property in the U.S. sufficient to satisfy section 109 of the Bankruptcy Code); *GMAM Inv. Funds Tr. I v. Globo Comunicacoes e Partipacoes S.A. (In re Globo Comunicacoes e Partipacoes S.A.)*, 317 B.R. 235, 249 (S.D.N.Y. 2004).

8. Here, the Debtor holds an interest in real property located in Manhattan at 40 E 62nd St., Apt. 8E, New York, NY 10024. Thus, the Foreign Representatives submit that the eligibility requirements have been met under section 109(a) of the Bankruptcy Code.

**B. The Court Must Grant Recognition of the UK Proceeding as a Foreign Main Proceeding under Chapter 15 of the Bankruptcy Code.**

9. The UK Proceeding qualifies as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code. Section 1517(a) of the Bankruptcy Code states that, "after notice and a hearing, an order recognizing a foreign proceeding shall be entered if: (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a); see H.R. Rep. 109-31, pt. 1 (2005) ("The decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings . . . [t]he requirements of this section . . . are all that must be fulfilled to attain recognition."). Section 1517(b) of the Bankruptcy Code provides that a foreign proceeding "shall be recognized . . . (1) as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1).

10. Here, all of the requirements for recognition of the Foreign Proceeding as a "foreign main proceeding" are satisfied.

    **(i)    The UK Proceeding Qualifies as a Foreign Proceeding.**

11. The UK Proceeding qualifies as a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code. Section 101(23) states that a "foreign proceeding" requires:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and

> affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23). In determining whether a proceeding qualifies a "foreign proceeding," courts interpreting section 101(23) require the following elements: "(i) [the existence of] a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustments of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation." *In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 (S.D.N.Y. 2012);[2] *see also In re Glob. Cord Blood Corp.*, No. 22-11347, 2022 WL 17478530, at *7 (Bankr. S.D.N.Y. Dec. 5, 2022); *In re ENNIA Caribe Holding N.V.*, 594 B.R. 631, 638 (Bankr. S.D.N.Y. 2018).

12. Courts have uniformly recognized English insolvency proceedings, together with insolvency proceedings in other jurisdictions deriving from English law, qualify as "foreign proceedings" under chapter 15 of the Bankruptcy Code. *See, e.g.*, *In re Schefenacker PLC*, Case No. 07-11482 (SMB) (Bankr. S.D. N.Y. June 14, 2007) (recognizing a CVA proceeding as a foreign main proceeding); *In re TXU Europe*, Case No. 04-11335 (SMB) (Bankr. S.D. N.Y. 2005) (recognizing a CVA in an English administration proceeding); In re Brierely, 145 B.R. 151, 163 (Bankr. S.D. N.Y. 1992) (recognizing English proceeding, "where foreign proceeding is in a sister common law jurisdiction with procedures akin to our own, exceptions to the doctrine of comity are narrowly construed.") (citation omitted); *see, e.g., Allstate Life Ins. Co. v. Linter Group, Ltd.*, 994 F.2d 996 (2d Cir. 1993) (Australian proceeding); *In re Axona Int'l Credit & Commerce, Ltd.*,

---

[2] The Bankruptcy Code defines "foreign court" as "a judicial or other authority competent to control or supervise a foreign proceeding." *See* 11 U.S.C. § 1502(3).

88 B.R. 597 (Bankr. S.D. N.Y. 1988), *aff'd*, 115 B.R. 442 (S.D. N.Y. 1990), *appeal dismissed*, 924 F.2d 31 (2d Cir. 1991) (Hong Kong proceeding*); In re Kingscroft Ins. Co.*, 150 B.R. 77, 80-81 (Bankr. S.D. Fla. 1992) (UK Proceeding).

13. Here, the UK Proceeding meets the threshold requirements. **First**, the UK Proceeding was commenced in the United Kingdom before the UK Court under the Insolvency Act as a statutory framework to conduct an orderly liquidation under English law designed to maximize value for the benefit of creditors and parties in interest. See *Beveridge v. Vidunas (In re O'Reilly)*, 598 B.R. 784 (Bankr. W.D. Pa. Mar. 22, 2019) (holding that a collective proceeding "turns on whether the legal proceeding before the foreign tribunal considers the rights and obligations of all creditors").

14. **Second**, the UK Proceeding is collective in nature because the interests of all creditors are considered. The Insolvency Act provides equitable treatment to creditors by offering a comprehensive scheme in which creditors interests are contemplated. Indeed, the purpose of the UK Proceeding is to create a forum for the orderly liquidation of the Debtor's debts and assets, giving creditors the ability to file proofs of claims, and voice their positions throughout the proceedings, including by filing objections and appeals. For example, the Insolvency Act authorizes creditors holding fixed and liquated claims to petition for bankruptcy relief against a bankrupt[3] "who appears unable to pay a debt[.]" Id. at §§ 268. Creditors can facilitate the appointment of bankruptcy trustees and a committee to oversee the liquidation of the bankruptcy

---

[3] Insolvency Act, at §§ 264-272.

estate.[4] The Insolvency Act also provides a claims allowance process[5] and required distribution to adhere to the statutory priority scheme. *Id.* at § 333. Indeed, the purpose of the UK Proceeding is to create a forum for the orderly liquidation of the Debtor's debts and assets, giving creditors the ability to file proofs of claims, and voice their positions throughout the proceedings, including by filing objections and appeals.

15.     ***Third***, the UK Proceeding is judicial in nature. The UK Proceeding was commenced in the UK Court after which the debtor's assets and affairs have remained subject to its control pursuant to the Insolvency Act. *See also In re Gerova Fin. Group, Ltd.*, 482 B.R. 86, 95 (Bankr. S.D.N.Y. 2012) ("[T]he commencement of involuntary insolvency proceedings based on the petition of a single creditor is allowed by many of our closest commercial partners, including England (Insolvency Act 1986 § 124(1)) and Canada (Bankruptcy and Insolvency Act (R.S.C., 1985, c. B–3) § 43(1)). Proceedings from these countries are routinely recognized under chapter 15, and it is well-accepted that a foreign nation's bankruptcy laws need not mirror those of the United States for its proceedings to be recognized under chapter 15."). Accordingly, the Foreign Proceeding is clearly a judicial proceeding under the Insolvency Act relating to insolvency or adjustment of debt in which the assets and affairs of the Debtor are subject to control or supervision by a foreign court, for the purpose of liquidation. *See In re ABC Learning Ctrs. Ltd.*, 728 F.3d 301, 307 (3d Cir. 2013) (holding that "the proceeding would become judicial in nature whenever an Australian court is needed to exercise supervisory powers").

---

[4] *Id.* at §286, at 291A-294, at §301. Debtors must, in turn, provide assistance and cooperate at the trustee during the course of an investigation. § 251J, at § 291, at § 333.

[5] *Id.* at §§322-325

16. Thus, UK Proceeding qualifies as a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code

### (ii) The UK Proceeding is a Foreign Main Proceeding.

17. The UK Proceeding further qualifies as a "foreign main proceeding" under the Bankruptcy Code. Section 1502(4) of the Bankruptcy Code states that a foreign proceeding "shall recognized … as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests[.]" 11 U.S.C. § 1517(b)(1); see also 11 U.S.C. § 1502(4). The Bankruptcy Code presumes that in absence of evidence to the contrary, the debtor's "habitual residence in the case of an individual, is presumed to the center of the debtor's main interests." 11 U.S.C. § 1516(c).

18. The Bankruptcy Code does not define the term "habitual residence." However, courts have "commonly acknowledged that habitual residence is virtually identical to the concept of domicile, which is established by one's physical presence in a location coupled with an intent to remain there indefinitely." *In re Pirogova*, 593 B.R. 402, 408 (Bankr. S.D.N.Y. 2018), aff'd, 612 B.R. 475 (S.D.N.Y. 2020); *In re Kemsley*, 489 B.R. 346, 353 (Bankr. S.D.N.Y. 2013) ("The term habitual residence includes an element of permanence and stability and is comparable to domicile; it connotes a meaningful connection to a jurisdiction, a home base where an individual lives, raises a family, works and has ties to the community.").

19. In determining an individual's habitual residence, Courts have considered an individual debtor's COMI under a non-exhaustive list of factors, including: (i) the length of time spent in the location; (ii) the occupational or familial ties to the area; and (iii) the location of the individual's regular activities, jobs, assets, investments, clubs, unions, and institutions of which he is a member. *In re Pirogova*, 593 B.R. 402, 408–09 (Bankr. S.D.N.Y. 2018), aff'd, 612 B.R. 475 (S.D.N.Y. 2020); see also In re Loy, 380 B.R. 154, 162 (Bankr. E.D. Va. 2007) (holding that courts

"may also consider additional factors such as (i) the location of the debtor's primary assets; (ii) the location of the majority of the debtor's creditors; and (iii) the jurisdiction whose law would apply to most disputes.").

20.   Here, the Bankruptcy Order establishes that the United Kingdom is the Debtor's COMI stating that the Debtor's residence is located at Flat A, 41 Lowndes Street, London, SW1X9HX, "whose center of main interests is in the United Kingdom." Nevertheless, even if the Bankruptcy Order is not dispositive, the evidence clearly shows that the Debtor's COMI is in the United Kingdom. The Debtor, together with his wife, Cynthia Gabay, and son, Lucas Gabay live in the United Kingdom, and have strong ties to the community establishing their intent to reside their for the foreseeable future. Among other things, the Debtor operates multiples businesses and indirectly holds a minority interest in the Deby County Football Club in Derby, England. Accordingly, the UK Proceeding qualifies as a foreign main proceeding.

    **C.   The Foreign Representatives Qualify as Foreign Representatives under Chapter 15 of the Bankruptcy Code.**

21.   The Foreign Representatives properly commenced this chapter 15 case as qualified "foreign representatives." Section 101(24) of the Bankruptcy Code defines the term "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). "If the decision or certificate referred to in section 1515(b) indicates that ... the person or body is a foreign representative, the court is entitled to so presume." 11 U.S.C. § 1516(a)

22. Here, the Foreign Representatives fall well within section 101(24). The Foreign Representatives are individuals appointed by the UK Court pursuant to the Appointment Order granting authority to liquidate the Debtor's affairs under the Insolvency Act. The Foreign Representatives are entitled to jointly or individually exercise any powers conferred under the Insolvency Act. Ex. A. Thus, the Foreign Representatives fall squarely within the definition of section 101(24) of the Bankruptcy Code.

**D.     The Foreign Representatives Properly Commenced the Case under Chapter 15 of the Bankruptcy Code.**

23. The Foreign Representatives also satisfied for recognition of a foreign proceeding under section 1517(a) of the Bankruptcy Code. Specifically, the Petition meets the procedures requirements of section 1515. See 11 U.S.C. § 1517(a)(3). ***First***, the Foreign Representatives duly and properly commenced these Chapter 15 Cases in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by filing the Official Form 401 Petitions, together with all the documents and information required by section 1515(b) and (c). Specifically, the Foreign Representatives attached to the Declaration (i) the Bankruptcy Order commencing the UK Proceedings, and (ii) the Appointment Order appointing the Joint Trustee in the UK Proceeding. *See In re Bear Stearns*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code.").

24. ***Second***, the Foreign Representatives have filed a statement identifying the UK Proceeding as the only foreign proceeding with respect to the Debtor that is known to the Foreign Representatives.

25. ***Third***, the Foreign Representatives have filed a statement that, to the best of the Foreign Representative's knowledge, identifies parties to litigation with respect to the Debtor

pending within the United States as well as the parties against which provisional relief is requested. Because the Foreign Representatives have satisfied the requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4), this chapter 15 case has been properly commenced.

> E. **The Foreign Representative Seek Relief Consistent with the Purpose of Chapter 15 and U.S. Public Policy.**

26. The UK Proceeding should be recognized as a foreign main proceeding because doing so would not be manifestly contrary to U.S. public policy.

27. Section 1506 of the Bankruptcy Code states that "nothing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. This public policy exception is narrowly construed. See In re ABC Learning Ctrs., 728 F.3d at 309 (quoting H.R. Rep. No. 109-31(1) at 109 (2005)); *In re Sino-Forest Corp.*, 501 B.R. 655, 665 (Bankr. S.D.N.Y. 2013); *In re Toft*, 453 B.R. 186, 195 (Bankr. S.D.N.Y. 2011). Importantly, the result achieved in a foreign proceeding does not have to be identical to that in the United States. Rather, "[t]he key determination . . . is whether the procedures used [in the foreign proceeding] meet our fundamental standards of fairness." *In re Metcalfe & Mansfield Alternative Invs.*, 421 B.R. at 697; see also In re Bd. of Dirs. of Telecom Arg. S.A., 2006 WL 686867, at *25 (Bankr. S.D.N.Y. 2006) ("Comity does not require that the foreign law be a carbon copy of our law; rather, [it] must not be repugnant to American laws and policies.") (internal citations omitted).

28. It is well established that one of the fundamental goals of U.S. bankruptcy proceedings is the centralization of disputes involving the debtor. *See, e.g., Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F. 2d 984, 989 (2d Cir. 1990) ("The Bankruptcy Code provides for centralized jurisdiction and administration of the debtor, its estates

and its reorganization in the Bankruptcy Court….") (internal quotations and citations omitted); *see also Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d. Cir. 1991) ("Consolidating all pre-petition claims against the debtor in one collective proceeding before a bankruptcy court is the essence of bankruptcy."); *In re Irish Bank Resolution Corp. Ltd.*, Case No. 13-12159 (CSS), 2014 WL 9953792, at *21 (Bankr. D. Del. Apr. 30, 2014) ("[R]ecognition of the [foreign] proceeding . . . would support the strong public policy of the United States in favor of a universalism approach to complex multinational bankruptcy proceedings."). Indeed, as one court has noted, "the firm policy of American courts is the staying of actions against a [debtor] which is the subject of a bankruptcy proceeding in another jurisdiction." *Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F. Supp 1255, 1259 (S.D.N.Y. 1979), *aff'd*, 614 F.2d 1286 (2d Cir. 1979) (recognizing that Canadian liquidation Proceedings would not violate laws or public policy of New York or the United States).

29. Moreover, the purpose of chapter 15 is set forth in section 1501 and includes: (i) cooperation between courts of the United States and the courts and other competent authorities of foreign countries involved in cross-border insolvency cases; (ii) greater legal certainty for trade and investment; (iii) fair and efficient administration of cross-border insolvencies that protect the interests of all creditors, and other interested entities, including the debtor; and (iv) protection and maximization of the value of the debtor's assets. See 11 U.S.C. § 1501. Recognition of the UK Proceedings as foreign main proceedings will facilitate the orderly liquidation of the Debtor's assets, maximize value for creditors, and foster cooperation between courts in United Kingdom and the United States in respect of the Debtor's liquidation. Recognition of the UK Proceeding is thus consistent with the public policy of the United States and the Bankruptcy Code. *See In re Tri-Cont'l Exch., Ltd.*, 349 B.R. 627, 638 n.16 (Bankr. E.D. Cal. 2006) (noting that "Congress has

indicated, with its use of the phrase 'manifestly contrary,' that this exception is to be narrowly construed," and, in accordance with the Guide to Enactment to the UNCITRAL Model Law on Cross-Border Insolvency, the public policy exception is "only intended to be invoked under exceptional circumstances concerning matters of fundamental importance") (citing Guide to Enactment to the UNCITRAL Model Law on Cross-Border Insolvency, U.N. Gen. Ass., UNCITRAL 30th Sess., U.N. Doc. A/CN.9/422 (1997)).

**WHEREFORE**, Foreign Representatives, Kevin John Hellard, Nicholas William Nicholson, and Prashan Patel respectfully request entry of an order, substantially in the form of the attached as **Exhibit A**: (i) granting the Recognition Motion; (ii) granting the relief set forth herein, and (ii) granting such other and further relief as this Court deems just and proper.

Dated: November 27, 2023

By: */s/ Christopher J. Battaglia*

**HALPERIN BATTAGLIA BENZIJA, LLP**
Christopher J. Battaglia
Matthew T. Murray
40 Wall Street
37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: cbattaglia@halperinlaw.net
         mmurray@halperinlaw.net

*Co-Counsel to the Foreign Representatives*

**SEQUOR LAW, P.A.**

Leyza F. Blanco
Daniel Halperin
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
       dhalperin@ sequorlaw.com

*Co-counsel to the Foreign Representatives*