**HALPERIN BATTAGLIA BENZIJA, LLP**
Christopher J. Battaglia
Matthew T. Murray
40 Wall Street
37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: cbattaglia@halperinlaw.net
         mmurray@halperinlaw.net

*Co-Counsel to the Foreign Representatives*

**SEQUOR LAW, P.A.**
Leyza Blanco (*pro hac vice* pending)
Daniel Halperin (*pro hac vice* pending)
1111 Brickell Avenue
Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Email: lblanco@sequorlaw.com
         dhalperin@sequorlaw.com

*Co-Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| ISAK HENRY GABAY, | Case No.: 23-11871 |
| Debtor in a Foreign Proceeding. | |

**EMERGENCY MOTION FOR ORDER GRANTING PROVISIONAL RELIEF
PENDING HEARING ON RECOGNITION PURSUANT TO
SECTION 1519 OF THE BANKRUPTCY CODE**

*(Emergency Hearing Requested – Injunctive Relief Sought)*

**The requested relief is being sought on an emergency
basis to preserve the *status quo* and prevent dissipation**

> **to the estate. Once the operative filings are served, the Debtor and its creditors will be on notice of the Foreign Representatives' efforts to recover the Debtor's interests and the relief herein is sought to prevent dissipation in the interim period while the Foreign Representatives issue discovery requests and obtains information as to the extent and value of the Debtor's interests**.

Kevin John Hellard, Nicholas William Nicholson, and Prashan Patel (collectively, the "Foreign Representatives" or "Joint Trustees"), as court-appointed joint trustees of the estate of Debtor, Isak Henry Gabay (the "Debtor") in the foreign insolvency proceeding (the "UK Proceeding") under the Insolvency Act of 1986 (the "Insolvency Act") subject to the control or supervision of the High Court of Justice, the Business and Property Courts of England and Wales (the "UK Court"), pursuant to sections 1519 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the Bankruptcy Code"), move (the "Provisional Relief Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, granting provisional relief as set forth herein. In support of the Provisional Relief Motion, the Foreign Representatives state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, Reference M¬431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

2. This is a core proceeding pursuant to 28 U.S.C §157(b)(2)(P).

3. Venue for this case is proper in this Court under section 1410 of title 28 of the United States Code because the Foreign Debtor assets in the United States in this judicial district. Further, venue in this district is also consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the Foreign Representatives.

## FACTUAL BACKGROUND

4. The Foreign Representatives submit this Provisional Relief Motion in connection with the *Official Form 401 Petition* [ECF No. 1] (the "Petition"), the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to Section 115 and 1517 of the Bankruptcy Code* [ECF No. 2] (the "Recognition Motion"), and the *Declaration of Nicholas William Nicholson in Support of Chapter 15 Petition for Recognition of a Foreign Main Proceeding* (attached hereto, the "Declaration"). The Foreign Representatives reincorporate by reference the Declaration, as if fully set forth herein.

## RELIEF REQUESTED

5. By this Motion, the Foreign Representatives request entry of an emergency provisional order, substantially in the form attached hereto as **Exhibit A**, granting the following interim relief: (i) applying section 362 of the Bankruptcy Code to the Debtor and the Debtor's property within the territorial jurisdiction of the United States; (ii) staying the commencement or continuation of any action or proceeding concerning rights, obligations or liabilities of the Debtor and/or the Debtor's assets located in the United States; (iii) staying foreclosure proceedings against the Property commenced by Citimortage, Inc., Index No. 850506/2023, pending before the New York Supreme Court; (iv) staying litigation commenced by East 62nd Street Condominium, Case No. CV-009-424, pending before the New York Civil County Court; (v) staying execution against the Debtor and/or the Debtor's assets located in the United States; (vi) suspending the right to transfer, encumber or otherwise dispose of any of the Debtor's US assets except by the Foreign Representative; (vii) Entrusting the administration and realization of all or part of the Debtor's assets to the Foreign Representatives, including all of the Debtor's assets which may have been transferred to third parties in the United States; and (viii) granting such other relief as the Court deems just and proper.

**BASIS FOR REQUESTED RELIEF**

6. This Court is empowered to provisional relief to the Foreign Representatives under section 1519 of the Bankruptcy Code where, as here, the requested relief is urgently required to protect the assets of a foreign debtor and the interests of its creditors. Section 1519 provides, in pertinent part:

> (a) From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including—
>
> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519.[1]

7. Relief under section 1519 of the Bankruptcy Code is governed by the standards applicable to injunctions. Section 1519(e) provides that "[t]he standards, procedures, and limitations applicable to an injunction shall apply to [a request for provisional] relief under this section." 11 U.S.C. § 1519(e). To obtain injunctive relief, the movant must show that: (i) there is a likelihood of success on the merits (i.e., obtaining chapter 15 recognition); (ii) there is risk of irreparable harm in the absence of relief; (iii) the balance of the harms tips the movant's favor; and (iv) the public interest weighs in favor of an injunction. *Secured Worldwide LLC v. Kinney*, No.

---

[1] Section 1521(a)(6) provides that the Court may continue any relief granted pursuant to section 1519. 11 U.S.C. § 1521(a)(6).

15 CIV. 1761 CM, 2015 WL 1514738, at *10 (S.D.N.Y. Apr. 1, 2015) (citing *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008)). In considering whether to grant relief, courts take a "flexible approach and no one factor is determinative." *Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.)*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (internal citations omitted).

8. Here, the Foreign Representatives submit these four factors are met.

**A.    The Foreign Representatives Will Likely Succeed on the Merits of its Request for Recognition of the UK Proceeding as a Foreign Main Proceeding.**

9. ***First***, the Foreign Representatives are likely to succeed on the merits and obtain recognition of the UK Proceeding as a foreign main proceeding. As more fully discussed in the Declaration, the Foreign Representatives submit (i) that the UK Proceeding is a foreign main proceeding; (ii) that the Foreign Representatives qualify as foreign representatives; (iii) that the requirements codified in sections 1519, 1520, and 1521 of the Bankruptcy Code have been satisfied; and (iv) that sections 1519, 1520, and 1521 of the Bankruptcy Code authorize this Court to issues the requested relief. *In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 181 (Bankr. S.D.N.Y. 2022) (holding that the likelihood of success element "is satisfied in the context of a motion under section 1519 if the movant shows that it will likely obtain recognition of the foreign proceeding").

10. In addition, the Petition meets the requirements of section 1515 of the Bankruptcy Code as (i) the Petition is accompanied by a certified copy of the Bankruptcy and Appointment Order effectuating the UK Proceeding and appointing the Joint Trustees; (ii) the Foreign Representatives filed a statement with the Petition, identifying the UK Proceeding as the only pending proceeding with respect to the Foreign Debtor known to the Foreign Representatives; (iii) all documents provided pursuant to section 1515(b) of the Bankruptcy Code are in English; and (iv) the Foreign Representatives have filed a statement pursuant to Bankruptcy Rule 1007(a)(4),

identifying the parties to litigation with respect to the Debtor pending within the United States and the parties against which provisional relief is requested.

11. In sum, all of the conditions to the entry of an order recognizing the UK Proceeding as a foreign main proceeding under the Bankruptcy Code have been satisfied. Thus, the first factor militates in favor of granting a preliminary injunction.

### B. Actual and Imminent Irreparable Harm Would Result Absent the Provisional Relief.

12. *Second*, the provisional relief in this case is critical to the prevention of irreparable damage to the estate. There is an actual and imminent risk that during the provisional period the Debtor's assets will be transferred or otherwise disposed of by parties other than the court-appointed Foreign Representatives.

13. Courts have long recognized that held that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993); *In re Netia Holdings*, S.A., 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) ("It is well established, at least in this district, that the dissipation of the finite resources of an insolvent estate constitutes irreparable injury."); *In re Caldas*, 274 B.R. 583, 598 (Bankr. S.D.N.Y. 2002) (same); *Victrix S.S. Co., S.A. v. Salen Dry Cargo, A.B.*, 825 F.2d 709, 713-14 (2d Cir. 1987) (harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted); *In re Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (stating that injunctive relief is necessary "to prevent individual American creditors from arrogating to themselves property belonging to the creditors as a group").

14. The Foreign Representatives believe that this provisional relief in the United States is crucial to prevent efforts by creditors to collect upon their debts during the pendency of the

Petition. The Property is currently subject to foreclosure proceedings, and, absent such relief, the Debtor could face immediate and irreparable harm resulting from the piecemeal loss of assets by collection and enforcement efforts.

### C. Granting the Provisional Relief Will Not Result in Greater Harm to Nonmoving Parties.

15. *Third*, the balance of harms also weighs in favor of granting the provisional relief. Any conceivable harm that could be suffered by nonparty movants resulting from the entry of an order granting provisional a few weeks earlier than it would otherwise apply is *de minimis*, if any at all. The requested provisional relief will preserve the *status quo* until the disposition of the chapter 15 Petition and merely grant relief that the Foreign Representatives will obtain upon recognition of the UK Proceeding as a foreign main proceeding in less than thirty days. *See, e.g., Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) ("One of the goals of the preliminary injunction analysis is to maintain the status quo, as defined as the last peaceable, non-contested status of the parties."); *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)); *see also In re Innua Canada Ltd.*, Case No. 09–16362 (DHS), 2009 WL 1025088, at *4 (Bankr. D. N.J. Mar. 25, 2009) (entering provisional relief to stay litigation because, among other reasons, "creditors or interested parties will not suffer significant harm or hardship because the provisional relief is temporary, pending the hearing on recognition").

16. Indeed, the provisional relief will benefit the Debtors' creditors because it will ensure that the value of the Debtors' assets is preserved for the benefit of all interested parties. The significant harm to the estate and its assets, and ultimately the Debtor's creditors, that would occur absent the provisional relief far outweighs any potential prejudice to the Debtor, the other recipients of discovery requests, and any interested party that might with to assert control over or

dispose of the Debtor's assets in the United States in disregard of the UK Proceeding and the Foreign Representatives' exclusive authority.

### D. The Public Interest Factor Weighs in Favor of Granting the Provisional Relief.

17. **Finally**, the provisional relief will advance the public interest. The Foreign Representative's provisional relief remains entirely consistent with and advances the policies underlying bankruptcy law because it will facilitate efforts to monetize the Debtor's assets creating value for the benefit of all creditors.

18. Moreover, the provisional relief will assist with the orderly administration of the UK Proceeding. Fostering cooperation between the UK Proceeding and this Court is precisely the goal that chapter 15 is intended to promote. *See* 11 U.S.C. § 1501(a) (instructing that the purpose of chapter 15 is to promote cooperation among courts to ensure the "fair and efficient administration of cross border insolvencies"); see *also ABC Learning Ctrs. Ltd.*, 728 Fed. 3d 301, 306 (3d Cir. 2013) (emphasizing that chapter 15 serves the "universalism" approach to transnational bankruptcy, preferring that U.S. courts act in aid of foreign proceedings); *see also In re Adelphia Comm. Corp.*, 368 B.R. 140, 284 (Bankr. S.D.N.Y. 2007) ("The public interest requires bankruptcy courts to consider the good of the case as a whole.").

19. This Court commonly grants the Provisional Relief in chapter 15 cases. *See, e.g.*, *In re Ascentra Holdings, Inc.*, No. 21-11854 (DSJ) [Docket No. 17] (Bankr. S.D.N.Y. Nov. 2, 2021) (granting provisional relief and entrusting the administration of the debtor's assets in the United States to the foreign representative and authorizing discovery on a provisional basis); *In re SIFCO S.A.*, No. 14-11179 (REG) [Docket No. 21] (Bankr. S.D.N.Y. May 7, 2014) (granting provisional relief and, inter alia, entrusting "the administration or realization of [the Debtor's] assets in the United States" to the foreign representative and enjoining "all persons and entities from "transferring, encumbering or otherwise disposing of or interfering with" the debtor's assets

in the United States); *In re Compañía Mexicana de Aviación*, S.A. de C.V., No. 10-14182 (MG) [Docket No. 140] (Bankr. S.D.N.Y. Aug. 18, 2010) (granting provisional relief and establishing the foreign representative "as the representative of [the Debtor] with full authority to administer [the Debtor's] assets and affairs in the United States" and enjoining "all persons and entities" from "transferring, encumbering or otherwise disposing of or interfering with [the debtor's] assets" in the United States); *In re Japan Airlines Corp.*, No. 10-10198 (JMP) [Docket No. 38] (Bankr. S.D.N.Y. Jan. 28, 2010) (same).

20. Thus, the provisional relief should be granted.

**E.    In the Alternative, the Court Should Grant the UK Court Comity and Impose Provisional Relief.**

21. The provisional relief sought also comports with the long-standing policy of extending comity to foreign jurisdictions and promoting cooperation between jurisdictions in cross-border insolvency proceedings. Specifically, section 1501(a) of the Bankruptcy Code provides:

> (a) The purpose of this chapter is to incorporate the Model Law on CrossBorder Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of …
>
> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor; and
>
> (4) protection and maximization of the value of the debtors' assets;

11 U.S.C. § 1501(a); *see, e.g., Cornfeld v. Inv. Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1259 (S.D.N.Y. 1979) (stating that recognizing the Canadian liquidation proceeding would further "American public policy" because "the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction"); 11 U.S.C. § 1508 ("In interpreting [Chapter 15], the court shall consider its international origin, and

the need to promote an application of this chapter that is consistent with the application of similar statutes adopted by foreign jurisdictions.").

22. Section 1507 of the Bankruptcy Code provides that "[i]n determining whether to provide additional assistance under this title or under other laws of the United States, the court shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure" compliance with a list of factors. 11 U.S.C. § 1507(b)(1)-(7). Chapter 15 of the Bankruptcy Code has expressly imported into its provisions the concept of comity, and, thus, at least for the provisional period, it would be appropriate for this Court, in reliance on its general equitable powers in section 105 of the Bankruptcy Code, to impose the provisional relief here requested under general principles of comity.

23. While the Bankruptcy Code does not define "comity," courts have explained the concept as a "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protections of its laws." Hilton v. Guyot, 159 U.S. 113, 164 (1895). The principle of comity is used flexibly to guide a court's decision-making process as comity "is not a rule of law, but one of practice, convenience, and expediency." *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1148 (5th Cir. 1990) (quotation marks and citation omitted). "[C]omity compels national courts to act at all times to increase the international legal ties that advance the rule of law within and among nations…. [C]omity serves our international system like the mortar which cements together a brick house. No one would willingly permit the mortar to crumble or be chipped away for fear of compromising the entire structure." *Laker Airways Ltd. v. Sabena, Belg. World Airlines*, 731 F.2d 909, 937 (D.C. Cir. 1984).

24. In the instant case, the UK Court endorsed the appointment of the Joint Trustees, giving effect to a moratorium on creditor actions against the Debtor in the United Kingdom. Now, provisional relief is urgently needed to protect the Debtor's asset and interests of its creditors as a whole in the United States to maximize the value in liquidating the Debtor's assets. The Foreign Representatives respectfully submit to this Court that, in the alternative to granting provisional relief under section 1519 and 1521 of the Bankruptcy Code, it should impose a provisional stay under the common law principles of comity to achieve just that. In balancing the issues, the Foreign Representatives admit that the limited relief sought for a short time until a final hearing fits well within the legal doctrine of comity that has prevailed in the United States for at least 120 years. For these alternative reasons then, the Court should grant the provisional relief requested in the Provisional Relief Motion.

### F. The Court Should Not Require Security for the Provsional Relief Pursuant to Bankruptcy Rule 7065.

25. No security should be required. Bankruptcy Rule 7065 states that a "preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Fed. R. Bank. P. 7065.[2] In any event, security would be unwarranted under the circumstances here, where the Debtor's assets are under the jurisdiction of the UK Court and where provisional relief would last only until this Court rules on the Petition.

[Remainder of Page Intentionally Left Blank]

---

[2] Rule 65(c) states that the "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security." Fed. R. Civ. P. 65(c).

**WHEREFORE**, Foreign Representatives, Kevin John Hellard, Nicholas William Nicholson, and Prashan Patel respectfully request entry of an order, substantially in the form of the attached as **Exhibit A**: (i) granting provisional relief under section 1519 of the Bankruptcy Code set forth herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: November 27, 2023

Respectfully submitted,

By: */s/ Christopher J. Battaglia*

**HALPERIN BATTAGLIA BENZIJA, LLP**
Christopher J. Battaglia
Matthew T. Murray
40 Wall Street
37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: cbattaglia@halperinlaw.net
          mmurray@halperinlaw.net

*Co-Counsel to the Foreign Representatives*

**SEQUOR LAW, P.A.**
Leyza F. Blanco
Daniel Halperin
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
          dhalperin@ sequorlaw.com

*Co-counsel to the Foreign Representatives*